THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

TRUSTEES OF THE UTAH
CARPENTERS' AND CEMENT MASONS'
PENSION TRUST; UTAH
CARPENTERS' AND CEMENT MASONS'
PENSION TRUST,

          Plaintiffs,      Case No. 2:10-cv-00809-DS

   vs.                      **MEMORANDUM DECISION ON MOTION FOR ATTORNEY'S FEES**

ELIZABETH LOVERIDGE, TRUSTEE
FOR PERRY OLSEN DRYWALL, INC.;
OKLAND CONSTRUCTION COMPANY,
INC., a Utah Corporation; NEW
STAR GENERAL CONTRACTORS, INC.,
a Utah Corporation; and CULP
CONSTRUCTION COMPANY, a Utah
Corporation,

          Defendants.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

     Before the Court is Plaintiff's motion for Attorney's Fees and Costs, and the parties' subsequent filings related thereto. Plaintiff's motion asks court to award attorney's fees as allowed by 29 U.S.C. § 1451(e).

BACKGROUND

     Elizabeth Loveridge, Trustee for Perry Olsen Drywall Inc. ("POD") (and three other defendants who have already resolved the issue) sought to vacate an arbitrator's decision that they withdrew from the Utah Pension Plan ("Plan"), thus incurring

withdrawal liability. The Court resolved all issues on summary judgment in favor of the Plan. The arbitrator previously awarded attorney's fees to the Plan for POD's misconduct during the course of arbitration, and they now seek attorney's fees incurred to affirm the arbitrator's award, per Federal Rule of Civil Procedure 54(d) and 29 U.S.C. § 1451(e). They are asking for one fourth of the attorney's fees and costs incurred because POD is just on of the four original defendants in this case. The amount requested is $24,896.

## ANALYSIS

The Multiemployer Pension Plan Amendment Act ("MPPAA") does not give a standard to use when considering whether to award attorney's fees and the Tenth Circuit has not issued an opinion on the issue. Other circuits have incorporated the approach used under 29 U.S.C. § 1132(g)(1), the Employee Retirement Income Security Act ("ERISA"). This standard states "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

The MPPAA specifically allows for the recovery of attorney's fees in certain cases, and although the Tenth Circuit has never issued a decision revealing what standard is to be used, other circuits have. The Seventh Circuit adopted the standard of awarding attorney's fees as the same standard under 29 U.S.C. §

1132(g)(1) in *Continental Ca Co., Inc. V. Chicago Truck Drivers, Helpers & Warehouse workers Union (Independent) Pension Fund,* 921 F.2d 126, 127 (7th Cir. 1990).  The factors to consider when reviewing a motion for fees include the degree of the opposing parties' culpability or bad faith, the ability of the opposing parties to personally satisfy an award of attorney's fees, whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances, whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA, the relative merits of the parties positions.  *Gordon v. U.S. Steel Corp.,* 724 F.2d 106, 109 (10th Cir. 1983).

In examining the degree of each party's culpability or bad faith, the plaintiff points out that the defendants have already been found to have engaged in substantial misconduct during the arbitration process, such as testifying untruthfully or misrepresenting the record.  Also, the fact that the defendants refused to accept an arbitrator's award and then failed to prevail in this court lends more weight to the awarding of attorney's fees.  *Continental*, 921 F.2d at 128.

As for the losing parties' ability to satisfy an award for attorney's fees, the fact that the defendant POD has filed for

bankruptcy protection does not mean an award cannot be issued against it.  It may just be that the plaintiffs may not be able to collect right away.

As has been stated, this is a case of first impression with no close precedent in the Tenth Circuit.  However, in other relevant cases the Tenth Circuit has awarded attorney's fees, explaining "If we permit parties who lose in arbitration to freely relitigate their cases in court, arbitration will do nothing to reduce congestion in the judicial system."  *DMA Int'l, Inc. V. Qwest Communications Int'l, Inc.,* 585 F.3d 1341, 1346 (10th Cir. 2009).  Awarding attorney's fees in cases such as this one should make parties reconsider challenging an arbitrator's ruling.

## CONCLUSION

Based upon the foregoing factors, the Court concludes that the  Plaintiff should be awarded the attorney's fees incurred defending the pension plan as such fees are recoverable under MPPAA legislation.

Therefore, the court ORDERS that the Plaintiff be granted attorney's fees in the amount of $24,896 to be paid by the Defendant POD.

SO ORDERED.

DATED this 5th day of August, 2013.

BY THE COURT:

_David Sam_

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT