THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
|  | ) | Case No. **2:10-CV-00809-DS** |
| **TRUSTEES OF THE UTAH CARPENTERS' AND CEMENT MASONS' PENSION TRUST and UTAH CARPENTERS' AND CEMENT MASON'S PENSION TRUST,** | ) ) ) |  |
|  | ) |  |
| Plaintiffs, | ) | MEMORANDUM DECISION RE: APPELLATE COSTS BOND |
| vs. | ) |  |
|  | ) |  |
| **ELIZABETH LOVERIDGE, TRUSTEE FOR PERRY OLSEN DRYWALL, INC.; OKLAND CONSTRUCTION COMPANY, INC.,** a Utah Corporation; **NEW STAR GENERAL CONTRACTORS, INC.,** a Utah Corporation; and **CULP CONSTRUCTION COMPANY,** a Utah Corporation, | ) ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff UTAH CARPENTERS AND CEMENT MASONS PENSION PLAN ("Plan") seeks an appellate costs bond from defendant ELIZABETH LOVERIDGE, TRUSTEE FOR PERRY OLSEN DRYWALL, INC. ("POD"), pursuant to Federal Rule of Appellate Procedure 7.

Background

POD sought to vacate an arbitrator's decision that it withdrew from the Utah Pension Plan, thus incurring withdrawal liability. The court resolved all issues on summary judgment in favor of the Plan. POD has now appealed this court's decision of awarding costs and attorney's fees.  The Plan is asking that an appellate bond be posted to ensure payment of costs on this appeal, as allowed by Federal Rule of Appellate Procedure 7.  The Plan specifically argues that "costs" under Rule 7 should include attorney's fees, and it is asking for a bond of $14,950.  POD claims that the Plan is overcharging when it calculates the cost of the bond it should be required to post, and that attorney's fees should not be included.

Motion Before the Court

Federal Rule of Appellate Procedure 7 states, "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  The Tenth Circuit has not addressed the issue of whether attorney's fees are part of costs specifically, but it is the majority view of the other circuits that costs may include attorney's fees "if the applicable statute underlying the litigation contains a fee-shifting provision that accounts for such fees in its definition of recoverable costs and the appellee is eligible to recover them." *Azizian v. Federated Dep't Stores, Inc.,* 499 F.3d 950, 958 (9th Cir. 2007).  The underlying statute in this case, the Multiemployer Pension Plan Amendments Act ("MPPAA") allows for the recovery of costs and attorney's fees.  The Plan argues that this court should follow the interpretation of Rule 7 that has been adopted by other circuits, while POD argues that  the standard for requiring a bond is not met in this case.

Analysis

POD does not dispute that Federal Rule of Appellate Procedure 7 allows for the recovery of costs, nor dos it dispute that a bond may be an appropriate measure to ensure payment of such costs. It also concedes that some circuit courts have interpreted "costs" to include attorney's fees when provided for by statute. POD disagrees, however, with the interpretation that including attorney's fees as a recoverable cost has become the norm among the other circuits. Nevertheless, POD fails provide any cases providing a different interpretation.

Instead POD argues that even if this court were to adopt the standard that has been used in other courts and allow attorney's fees to be recoverable as "costs" under Rule 7, the Plan still wouldn't qualify due to the way the MPPAA statute is written. Under the interpretation from other circuit courts, attorney's fees are recoverable when the statute defines attorney's fees as costs. *Pedraza v. United Guar. Corp.,* 313 F.3d 1323 (11th Cir. 2002). Under the MPPAA statute, 29 U.S.C. § 1451(e) states: "In any action under this section, the court may award all or a portion of the costs and expenses incurred in connection with such action, including reasonable attorney's fees, to the prevailing party." POD argues that because this statute includes the words "costs" *and* "attorney's fees," they did not intend to define attorney's fees as costs, thereby invalidating the Plan's claim that they can recover attorney's fees under Rule 7. *See Marek v. Chesney,* 473 U.S. 1 (1985). However, the Plan cites several cases that still define attorney's fees as recoverable costs in cases similar to this one. See *Pedraza,* 313 F.3d at 1333-34, *Azizian,* 499 F.3d at 959.

In determining if a bond is required, Rule 7 does not give any specific guidelines to follow. In the past, the Tenth Circuit has held that the amount and setting of a bond is left to the

district court's discretion. *See Westinghouse Credit Corp. v. Badger & Duffy,* 627 F.2d 221, 224 (10th Cir. 1980). Other courts have explained that the "purpose of requiring an appellant to post a cost bond is 'to protect the rights of appellees brought into appeals courts by … appellants [who pose a payment risk because they have no assets].'" *Sierra Club,* 2003 WL 25265872, *11. POD does not dispute this claim, and previously in their Opposition to the Plan's Motion for Attorney's Fees has stated that it has no ability "to satisfy an award [for fees and costs] because it is in bankruptcy." (ECF No. 108, at 4.) One of the purposes of Rule 7 is to prevent appeals from parties with little chance of winning and with "nothing to lose" from bringing additional litigation. Accordingly, the court finds POD is a strong non-payment risk.

Regarding the Plan's motion for costs in addition to attorney's fees, the Plan estimates those costs will be $2,500, which POD claims to be excessive. POD has accurately calculated the cost that will be allotted for copies of briefs and motions to be $54, but it neglects to include electronic research costs which are also recoverable under 29 U.S.C. § 1451(e). The court finds the Plan's estimate of $2,500 is reasonable in a case such as this.

Conclusion

For the reasons discussed by the court and briefed by the parties, the court grants the Plan's request for an appellate costs bond in the amount of $14,950.00.

SO ORDERED.

DATED this 8th day of August , 2013.

BY THE COURT:

*David Sam*

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT